IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK ECKARDT and
JASMINE HERNDON,
    1742 Irving Street, NW
    Washington, DC 20010

        *Plaintiffs*,

v.

KBR LUXURY INC. d/b/a KBR KITCHEN &
BATH,
    7008 Wisconsin Avenue,
    Bethesda, MD 20815

        *Defendant*.

Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, Derrick Eckardt and Jasmine Herndon, bring this case against KBR Luxury Inc. and state as follows:

### THE PARTIES

1.    The Plaintiffs are Derrick Eckardt and Jasmine Herndon, both of whom reside at 1742 Irving St. NW, Washington, DC 20010. Both Mr. Eckardt and Ms. Herndon are employed by the U.S. Department of State. Mr. Eckardt is a Foreign Services Officer and Ms. Herndon is a Foreign Affairs Officer. They have served the United States in its Embassies in Jamaica, Colombia, Jordan, Iraq, and most recently, Germany.

2.    The Defendant KBR Luxury Inc., doing business as KBR Kitchen & Bath, is a Maryland company having its principal place of business at 7008 Wisconsin Avenue, Bethesda, Maryland 20815. Upon information and belief, KBR Luxury Inc. is registered to do business in the District of Columbia with registration number C00006109489.

## **THE DISPUTE**

3. This action seeks, *inter alia*, damages for breach of a contract relating to the renovation of the Plaintiffs' home at 1742 Irving St. NW.

4. The contract between the Plaintiffs and Defendant is attached as Exhibit 1. The two change orders to the contract are attached as Exhibits 2-3. Exhibits 1-3 are collectively referred to as "the Agreement." The claim arises under the laws of the District of Columbia, and Section 10 of the Agreement provides for District of Columbia choice of law.

5. In March 2022, Plaintiffs were stationed at the U.S. Embassy in Berlin and planning to return to Washington, DC that summer. In connection with returning to Washington, they wished to renovate their home so that it would be ready for them when they arrived.

6. Plaintiffs and Defendant negotiated Exhibit 1 over the course of March 2022. As set forth in Exhibit 1, Defendant estimated that it would complete the renovation of 1742 Irving St. NW by August 26, 2022.

7. When Plaintiffs returned to Washington, DC in August 2022, the house was not ready. Plaintiffs had to begin renting an apartment while their home remained a construction site.

8. The Defendant never completed the renovation of 1742 Irving St NW as required by the Agreement. As of July 2023, the house was still an active construction site, at which point Defendant stopped all work on the renovation, leaving Plaintiffs with a house in shambles.

9. Plaintiffs have since completed the renovation using a different contractor at substantial additional expense.

10. During 2024, Plaintiffs attempted to mediate the dispute with Defendant with the District of Columbia's Office of the Attorney General. The Defendant conveyed an offer to the DC Office of the Attorney General, which Plaintiffs suggested they would be willing to accept.

Defendant then, however, ceased all contact with Plaintiffs and has repeatedly ignored efforts to resolve this dispute out of court.

## JURISICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, excluding interests and costs.  The amount in controversy exceeds $75,000 because Plaintiffs are seeking damages of at least $236,629.10, which is the difference between the contract amount that they paid to complete the renovation of 1742 Irving St. NW following Defendant's refusal to perform the Agreement and the contract amount of the Agreement with the Defendant.  In addition to the difference in the contract prices, Plaintiffs seek other monetary damages in connection with Defendant's breach.

12.     Venue lies in this District because a substantial part of the events giving rise to the claim occurred in this District, 28 U.S.C. § 1391(b)(2), for example, Plaintiffs' home is located in this District and it is the site of the renovation work that Defendant failed to perform in breach of the Agreement.

## CLAIMS FOR RELIEF

## COUNT I

### *Breach of Contract*

13.     Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

14.     Plaintiffs and Defendant were parties to the Agreement.

15.     Defendant breached the Agreement by, *inter alia*, failing to complete the renovation of 1742 Irving St. NW, failing to perform the work described in the Agreements properly, and failing to perform the Agreement in a timely manner.

16.  Plaintiffs have been harmed by Defendant's breach in that Plaintiffs had to incur substantial additional expense by hiring a different contractor to repair the improper construction work performed by Defendant and to complete the renovation of 1742 Irving St. NW.

## COUNT II

### *Violation of D.C. Municipal Regulations*

17.  Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

18.  Throughout the parties' relationship, Defendant held itself out as "KBR Kitchen & Bath."

19.  Defendant had not registered "KBR Kitchen & Bath" as a tradename that it is permitted to use with the District of Columbia Department of Licensing and Consumer Protection.

20.  By using the unregistered tradename KBR Kitchen & Bath, Defendant violated D.C. Municipal Regulation § 16-800.3.

21.  The Agreement was negotiated for Defendant by its salesperson, Candice Benton.

22.  Ms. Benton's license number appears nowhere in Exhibit 1, Exhibit 2, or Exhibit 3.

23.  Defendant's failure to include Ms. Benton's license number in the Agreement violated D.C. Municipal Regulation § 16-808.4.

24.  Defendant's license number appears nowhere in Exhibit 1, Exhibit 2, or Exhibit 3.

25.  Defendant's failure to include its license number in the Agreement violated D.C. Municipal Regulation § 16-808.9.

26.  The Agreement does not contain the notices required by D.C. Municipal Regulation § 16-808.15.

27. Defendant's failure to include the notices required in the Agreement violated D.C. Municipal Regulation § 16-808.15.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

28. Declare that Defendant has breached the Agreement and violated D.C. Municipal Regulations.

29. Award Plaintiffs damages caused by Defendant's breach.

30. Award Plaintiffs their reasonable attorney's fees pursuant to Section 10 of the Agreement.

31. Enjoin Defendant from further violations of D.C. Municipal Regulation §§ 16-800 *et seq*.

32. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b)(1), Plaintiffs demand a trial by jury on all the issues so triable.

Dated: July 8, 2025               Respectfully submitted,

                                          **WILLIAMS & CONNOLLY LLP**

By:  */s/ Thomas S. Fletcher*
     Thomas S. Fletcher (D.C. Bar #992646)
     680 Maine Avenue, SW
     Washington, DC  20024
     (202) 434-5000

*Counsel for Plaintiffs*