UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK ECKARDT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KBR LUXURY, INC., <br><br> Defendant. | Case No. 1:25-cv-2168 (JMC) |

**MEMORANDUM OPINION**

Derrick Eckardt and Jasmine Herndon filed this case alleging that KBR Luxury, Inc., failed to perform its contractual obligation to renovate Eckardt and Herndon's home. Despite its awareness of this lawsuit, KBR has failed to respond. Eckardt and Herndon have therefore moved for entry of default judgment. The Court **GRANTS** their motion.[1]

**I.   BACKGROUND**

Eckardt and Herndon both work for the State Department.[2] *See* ECF 1 ¶ 1. While they were stationed abroad, they contracted with KBR Luxury to renovate their D.C. home. *See id.* ¶¶ 4–6. Eckardt and Herndon were planning to return to D.C., and the agreement estimated that the renovation would be complete around the time they planned to get home. *See id.* ¶¶ 5–6. When they arrived, however, their house was not ready for them. *See id.* ¶ 7. Eckardt and Herndon were forced to rent an apartment "while their home remained a construction site." *Id.* Nearly a year later,

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] The Court takes as true the allegations in the complaint, which KBR Luxury "is deemed to [have] admit[ted]" upon the clerk's entry of default. *Robinson v. Ergo Solutions, LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014).

1

"the house was still an active construction site." *Id.* ¶ 8. At that point, KBR Luxury stopped all work on the renovation, leaving Eckardt and Herndon's "house in shambles." *Id.* Since then, Eckardt and Herndon had a different contractor complete the renovations at "substantial additional expense." *Id.* ¶ 9.

Eckardt and Herndon tried mediating their dispute with KBR Luxury through the District of Columbia's Office of the Attorney General. *See id.* ¶ 10. In that mediation, KBR "conveyed an offer" that Eckardt and Herndon "suggested they would be willing to accept." *Id.* But KBR Luxury then "ceased all contact with" Eckardt and Herndon. *Id.*

Having tried and failed to resolve the dispute out of court, Eckardt and Herndon filed this lawsuit. *See* ECF 1. Eckardt and Herndon effected personal service on KBR's registered agent. *See* ECF 5 at 1; ECF 4. They also notified that same agent of the lawsuit at an email address the agent had previously used when participating in the mediation with the D.C. Attorney General. *See* ECF 5 at 1–2; ECF 5-1 at 1. But KBR Luxury never responded to the complaint, so Eckardt and Herndon asked the clerk of court to enter a default against KBR, which the clerk did. *See* ECF 5; ECF 6. Eckardt and Herndon then moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* ECF 7.

## II.    LEGAL STANDARD

"To warrant a default judgment, the defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of a default, and the motion for a default judgment." *Teamsters Loc. 639-Emps. Health Tr. v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 107 (D.D.C. 2008). Generally, in "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*,

531 F. Supp. 2d 56, 57 (D.D.C. 2008). The trial court has the discretion to determine whether a default judgment is appropriate. *See Hanley-Wood, LLC v. Hanley Wood, LLC*, 783 F. Supp. 2d 147, 150 (D.D.C. 2011) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). In so doing, the court must "make an independent determination of the sum to be awarded unless the amount of damages is certain." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

"A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. When a defendant does not contest its liability, a court needs only to determine whether the allegations in the complaint are well-pled. *See Fanning v. AMF Mech. Corp.*, 326 F.R.D. 11, 14 (D.D.C. 2018).

**III.   ANALYSIS**

At the outset, the Court is satisfied that it "has subject-matter jurisdiction over the action, as well as personal jurisdiction over the Defendant." *Capitol Paving of D.C., Inc. v. H&L Constr. Corp.*, No. 24-cv-02148, 2025 WL 1134960, at *3 (D.D.C. Apr. 17, 2025). KBR Luxury is a Maryland corporation that has its principal place of business in Maryland; Eckardt and Herndon are both domiciled in the District of Columbia; and more than $75,000 is at stake. *See* ECF 1 ¶¶ 1– 2, 11. The requirements of diversity jurisdiction are therefore satisfied. *See* 28 U.S.C. § 1332; *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). Because KBR Luxury contracted to do renovations in the District of Columbia, so too does the Court have personal jurisdiction over KBR Luxury in this suit arising out of its failure to fulfill that contractual promise. *See Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 6 (D.D.C. 1996). Because the jurisdictional prerequisites are satisfied, the Court considers next whether Eckardt and Herndon's "allegations are sufficiently well-pled to establish liability and the damages to which" they are entitled.

3

*Landstar Ranger, Inc. v. Flexo Grp., Inc.*, No. 24-cv-2389, 2025 WL 1795025, at *2 (D.D.C. June 30, 2025).

### A. Liability

To obtain a default judgment on their breach of contract claim, Eckardt and Herndon need only have adequately pled (1) that they formed "a valid contract" with KBR Luxury, (2) that KBR breached a "duty arising out of the contract," and (3) that they suffered damages as a result of KBR's breach. *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015). Eckardt and Herndon have satisfied each of those elements. Their complaint (which incorporates as exhibits the original contract, as well as two change orders) alleges that KBR Luxury agreed to renovate Eckardt and Herndon's home. *See* ECF 1 ¶¶ 4, 6; ECF 1-1 at 2. KBR Luxury did not complete the renovation project. *See* ECF 1 ¶ 8. As a result of KBR's failure to do what it promised, Eckardt and Herndon were forced to hire another contractor to complete the project at an increased cost. *See id.* ¶ 9. That suffices to establish KBR's liability.

### B. Damages

Although a default judgment establishes the defendant's liability, the Court must "make an independent determination of the sum to be awarded" unless "the amount of damages is certain." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Courts "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002). Eckardt and Herndon have put forward sufficient evidence from which the Court can calculate their damages.

Under D.C. law, "[w]here a party fails to complete a service which it agreed to perform under a contract, the non-breaching party is entitled to receive the amount it costs to complete the service, to the extent that amount exceeds the original contract price." *Rowan Heating-Air*

*Conditioning-Sheet Metal, Inc. v. Williams*, 580 A.2d 583, 585 (D.C. 1990). Before KBR Luxury "stopped work entirely," Eckardt and Herndon had already paid the firm $260,163.80. ECF 7-2 ¶ 3. Eckardt and Herndon then hired another company to complete the renovation (which also required correcting work done and damages caused by KBR). *See id.* ¶ 4. That cost Eckardt and Herndon another $613,328.69. *See id.* ¶ 5. The total cost to Eckardt and Herndon of completing the renovation, then, was $873,492.49. That amount "less the original contract price" Eckardt and Herndon agreed to pay KBR Luxury—$438,425—is the measure of "compensatory damages" to which Eckardt and Herndon are entitled. *Rowan Heating-Air Conditioning-Sheet Metal, Inc.*, 580 A.2d at 585; *see* ECF 7-2 ¶¶ 1–2; *see also* ECF 1-1 at 7; ECF 1-2 at 2; ECF 1-3 at 2 (original contract and change orders attached to complaint). The Court therefore awards Eckardt and Herndon $435,067.49 in damages.

\*   \*   \*

Eckardt and Herndon's motion for entry of default judgment is granted and judgment is entered in the amount of $435,067.49. An order consistent with this memorandum opinion will issue separately.

**SO ORDERED.**

_____
Jia M. Cobb
U.S. District Court Judge

DATE: October 15, 2025